UNITED STATES, Appellee,

v.

Specialist Four Clayton R. TAYLOR, 572–11–6353, United States Army, Appellant.

CM 448049.

U.S. Army Court of Military Review.

27 March 1986.

For Appellant: Lieutenant Colonel Paul J. Luedtke, JAGC, Major Dale K. Marvin, JAGC, Captain Deborah B. dePalo, JAGC (on brief).

For Appellee: Lieutenant Colonel Adrian J. Gravelle, JAGC.

Before MARDEN, PAULEY, and De GIULIO, Appellate Military Judges.

OPINION OF THE COURT

MARDEN, Senior Judge:

Appellant was convicted, in accordance with his pleas, of wrongful distribution of lysergic acid diethylamide (LSD) and marijuana, wrongful possession, with intent to distribute LSD, and wrongful possession of marijuana in violation of Article 112a, Uniform Code of Military Justice [hereinafter cited as UCMJ], 10 U.S.C. § 912a. In accordance with the pretrial agreement, the convening authority approved a sentence of a dishonorable discharge, forfeiture of all pay and allowances, confinement for five years and reduction to the lowest enlisted grade.

Appellant now personally contends there was an improper admission of uncharged misconduct and exaggerated facts admitted in the Stipulation of Fact and in an accompanying sworn statement of the appellant.

*See United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982). We disagree.

During trial, appellant's defense counsel objected to the Stipulation of Fact and the attached sworn statement of the appellant incorporated by reference into that stipulation (Prosecution Exhibit 1 and Appellate Exhibit V). The military judge allowed argument on the matter and ruled that, while the stipulation was proper, portions of the appellant's statement (Appellate Exhibit V) were inadmissible. Accordingly, he allowed only a redacted version of appellant's statement (Prosecution Exhibit 3) to be admitted into evidence.[1]

Preliminarily, we shall discuss the propriety of the military judge allowing the parties to litigate the contents of the stipulation of fact. Recent legal literature suggests that defense counsel who have obtained for their client a pretrial agreement requiring a stipulation should, as a trial tactic, negotiate the best possible stipulation before trial, even though it might include some matter they deem unacceptable, and thereafter, "raise the issue at the trial and move for redaction of the adverse material".[2] These suggestions seem to rest primarily on a misinterpretation of *United States v. Sharper*, 17 M.J. 803 (A.C.M.R. 1984) and upon an Air Force Court of Military Review decision, *United States v. Keith*, 17 M.J. 1078, 1080 (A.F.C.M.R.), *certificate for review filed*, 18 M.J. 97 (C.M.A. 1984) (If the trial counsel requires the defense counsel to stipulate to what is thought to be inadmissible aggravating evidence, the defense counsel should enter into the stipulation, if true, and litigate the matter at trial). We expressly choose *not* to follow the *Keith* case.

■ Judge Kearns, writing on "Trial Problems To Avoid," notes "Either an accused can or cannot agree to what is to be contained in the stipulation of fact, but the place to determine that is in the [Defense Counsel's] office before trial, not in court after a plea of guilty has been entered." [3] This statement, we believe, correctly suggests that the military judge should not be an arbiter in pretrial negotiations. Further, in *United States v. Rasberry*, 21 M.J. 656 (A.C.M.R.1985), we held that a military judge was not required to litigate a defense motion to excise statements contained in a stipulation claimed to have been obtained from appellant in violation of his rights under Article 31, UCMJ, 10 U.S.C.A. § 831.

■ In *Rasberry*, we believe the military judge followed the correct procedure, advising the appellant that he was not required to stipulate but that his failure to do so might violate the terms of his pretrial agreement. This interpretation is consistent with other cases holding that, when negotiating pretrial agreements, the government can require an accused to stipulate to aggravating matters relating to the offenses to which he is pleading guilty.[4] Typically, the agreement provides that the appellant will stipulate to certain facts satisfactory to trial counsel and that such a stipulation may be used by the military judge in determining the providence of a guilty plea, and may be used by either the military judge or members in determining an appropriate sentence. In *United States v. Sharper*, 17 M.J. at 807, this Court held that "the Government may require an accused, pursuant to a pretrial agreement, to stipulate to the 'aggravating circumstances relating to the offenses of which [he] has been found guilty....'" By entertaining objections to the stipulation of fact, rather than adjourning the court to allow counsel to discuss whether they have an agreed upon stipulation, we believe the military

---

1. We note the military judge later altered his ruling and allowed some matters originally excluded to be let in as rebuttal.

2. Bross, *Uncharged Misconduct on Sentencing: An Update*, The Army Lawyer, Feb. 1986, at 34; *See also* Tauber, *Stipulate At Your Peril*, The Army Lawyer, Feb. 1986 at 40.

3. Kearns, *Trial Problems to Avoid*, The Army Lawyer, Feb. 1986, at 43.

4. *See generally, United States v. Harrod*, 20 M.J. 777 (A.C.M.R.1985); *United States v. Marsh*, 19 M.J. 657 (A.C.M.R.1984); *United States v. Sharper*, 17 M.J. 803.

judge improperly inserted himself into the pretrial negotiations. The military judge allowed his ruling to set a term of the pretrial agreement.

■ This is not to say that the military judge has no role in assuring compliance with statutory and decisional law as concerns stipulations. To the contrary, we strongly believe he has that role as well as the responsibility to insure that there is adherence to the basic notions of fundamental fairness. If the contents of the stipulation are determined to reach the level of plain error [5] he must *sua sponte*, act to preserve the overall fairness of the trial. This is, however, a far different situation either from that posed here or that suggested in the materials cited in footnote 2 of this opinion, both of which improperly inject the military judge into the pretrial negotiation procedure.

■ We hold that, absent a situation involving plain error, when confronted with a problem similar to the one in the present case, military judges should recess the court to give the parties an opportunity to arrive at an agreed upon stipulation. If

they cannot agree, the proposed stipulation should not be admitted into evidence. The accused should then be advised by the military judge that he has not complied with the terms of his pretrial agreement and that the agreement is not binding on the convening authority. He should be asked if he still desires to plead guilty, and the trial should proceed accordingly.

■ In the case before us, we find that the military judge's ruling did not prejudice any substantial right of the appellant. The other errors personally raised by appellant are deemed to be without merit. Accordingly, the findings of guilty and sentence are affirmed.

Judge PAULEY and Judge De GIULIO concur.

---

**5.** To set a lesser threshold would, we believe, unfairly allow appellant two chances to minimize the adverse information presented at sentencing and, as in this case, cause unneeded litigation.