**UNITED STATES, Appellee,**

v.

**Specialist Four Timothy N. GLAZIER, 074–56–3773, United States Army, Appellant.**

**SPCM 22537.**

U.S. Army Court of Military Review.

31 March 1987.

---

For Appellant: Major Joel D. Miller, JAGC, Major Jerry W. Peace, JAGC, Captain Keith W. Sickendick, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Ro-berson, JAGC, Major Byron J. Braun, JAGC (on brief).

Before RABY, LYMBURNER and SMITH, Appellate Military Judges.

## OPINION OF THE COURT ON RECONSIDERATION

SMITH, Judge:

Pursuant to Rule 19(a), Army Regulation 27–13 (Cl, 1986), we have reconsidered our earlier decision in this case.[1]

On 15 May 1986 the appellant was tried by a special court-martial composed of officer members at Fort Bragg, North Carolina. Pursuant to his pleas, appellant was convicted of disobeying an order of a commissioned officer, wrongful use of marijuana, and wrongful appropriation of a motor vehicle, in violation of Articles 92, 112a, and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 912a, and 921 (1982 & Supp. II 1984), respectively. The members sentenced appellant to a bad-conduct discharge, confinement for three months, forfeiture of $426.00 pay per month for three months, and reduction to Private E–1. The convening authority approved the sentence.

On 20 October 1985, appellant was deployed with his unit in Turkey. On that date, and contrary to his unit commander's orders, he drove his assigned vehicle, a ¼ ton military truck, from the brigade support area for the purpose of sightseeing. En route to Ipsala, Turkey, appellant and his passenger, a Private First Class (PFC) Garretson, consumed alcoholic beverages and were involved in an accident. The ¼ ton truck was damaged and PFC Garretson subsequently died from injuries suffered in the accident. Based upon these facts, appellant was initially charged with negligent damage of the military truck and involuntary manslaughter in addition to the charges on which he was tried and convicted. Due to insufficient evidence, the negligent damage and involuntary manslaughter charges were dismissed by the convening authority and not referred to trial.

---

1. *United States v. Glazier,* SPCM 22537 (A.C. M.R. 27 Feb. 1987) (unpub.).

Prior to trial the trial counsel, defense counsel, and appellant had agreed upon the contents of a stipulation of fact (Prosecution Exhibit 1), as provided for in the pretrial agreement. During the presentencing portion of the trial, however, the defense counsel moved to have the military judge excise certain facts from the stipulation. Specifically, trial defense counsel objected to the inclusion of the facts that PFC Garretson had suffered injuries in the accident and died therefrom, that the ¼ ton truck was damaged and that the amount of damage was $2,054.28, and that appellant and PFC Garretson had consumed alcohol prior to the accident. While defense counsel acknowledged the general admissibility of relevant aggravating circumstances of the offenses under the Manual for Courts-Martial, United States, 1984, Rule for Courts-Martial 1001(b)(4) [hereinafter R.C.M.], he contended that Military Rule of Evidence 404(b) [hereinafter Mil.R.Evid.] (other crimes, wrongs, and acts) and Mil.R.Evid. 403 (probative value substantially outweighed by unfair prejudice) precluded the admissibility of these facts in this case.

The military judge denied trial defense counsel's motion, finding that all three facts were relevant to show the facts and circumstances surrounding the offenses of which appellant was convicted. He found the facts so closely intertwined with the charged offenses as to be "part and parcel" of the charged offenses and therefore part of the *res gestae*. He further found that the damage to the vehicle and the death of PFC Garretson were repercussions of the offenses and evidence of "significant adverse impact on the mission, discipline or efficiency of the command resulting from the accused's offenses." The military judge then determined that the evidence of the use of alcohol, the extent of damage to the vehicle, and the death of PFC Garretson were relevant to the determination of

an appropriate sentence under R.C.M. 1001(b)(4), and that the probative value of the evidence substantially outweighed any danger "to the accused's fair trial rights" within the meaning of Mil.R.Evid. 403. After ruling upon the motion, the military judge determined that appellant wanted to comply with the terms of the pretrial agreement and no longer objected to the stipulation as written and agreed upon; the complete stipulation of fact was then admitted as evidence for consideration by the court members.

Appellant "accepts" that the challenged portion of the stipulation was permissible evidence in aggravation within the meaning of R.C.M. 1001(b)(4). However, he contends, as he did at trial, that the military judge erred by failing to exclude the evidence on the grounds that such uncharged misconduct was inadmissible under Mil.R. Evid. 404(b).[2] We disagree.

Rule for Courts-Martial 1001(b)(4) expressly allows evidence in aggravation "directly relating to or resulting from the offenses of which the accused has been found guilty." *See United States v. Sargent*, 18 M.J. 331 (C.M.A.1984) (where death results from sale or transfer of a drug, occurrence of the death is an aggravating circumstance in a prosecution for the sale or transfer); R.C.M. 1001(b)(4) *Discussion* (evidence may include financial or medical impact or adverse impact on the mission, discipline, or efficiency of the command involved). *Cf. United States v. Silva*, 21 M.J. 336 (C.M.A.1986) (the accused's contemporaneous statements were an integral part of his criminal course of conduct and served to explain how he attempted to carry out his scheme). There is no requirement that such aggravation evidence be evaluated for admissibility under Mil.R. Evid. 404(b).[3] The sole test of admissibility

**2.** Mil.R.Evid. 404(b) *Other crimes, wrongs, or acts.* Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan,

knowledge, identity, or absence of mistake or accident.

**3.** In *United States v. Harrod,* 20 M.J. 777 (A.C.M. R.1985), this court did not impose such an inflexible requirement. Rather we *elected* to evaluate whether the evidence would be admissible

is (1) whether the evidence is relevant to sentencing as defined in R.C.M. 1001(b)(4) and, upon timely and specific objection, (2) whether its probative value is substantially outweighed by the danger of unfair prejudice within the meaning of Mil.R.Evid. 403. *See United States v. Silva,* 21 M.J. at 337 (Everett, C.J., concurring in the result); *United States v. Martin,* 20 M.J. 227 (C.M. A.1985); *United States v. Arceneaux,* 21 M.J. 571 (A.C.M.R.1985), *petition denied,* 22 M.J. 240 (C.M.A.1986); *see generally United States v. Green,* 21 M.J. 633 (A.C. M.R.1985) (the military judge may, but is not compelled, to apply the Mil.R.Evid. 403 balancing test *sua sponte* in determining the admissibility in aggravation of uncharged misconduct), *petition denied,* 22 M.J. 349 (C.M.A.1986).

■ As a procedural matter, appellant questions the court's guidance expressed in *United States v. Taylor,* 21 M.J. 1016, 1018 (A.C.M.R.1986), wherein trial judges were advised to refuse to hear any objections to the contents of stipulations of fact. Appellant believes he should not be denied the benefits of a pretrial agreement merely because he seeks an evidentiary ruling on the admissibility of the contents of a stipulation of fact. Appellant's brief at 6 n. 2. We agree that an accused must be able to seek such evidentiary rulings from a military judge. After the judge has ruled on the objection or motion, the parties may agree or disagree to the admission of the stipulation (whether or not a portion is now deleted) and elect to remain bound by or withdraw from the terms of the pretrial agreement.

■ In *Taylor,* the accused objected to a portion of the stipulation of fact and an attached pretrial statement of the accused incorporated by reference into the stipulation, on the basis that the stipulation and appended statement contained reference to inadmissible uncharged misconduct. The military judge allowed argument and re-

dacted portions of the accused's pretrial statement. This court stated that it "believe[d] the military judge improperly inserted himself into the pretrial negotiations" and he had "allowed his ruling to set a term of the pretrial agreement." *Taylor,* at 1017–18. The court held that:

> [A]bsent a situation involving plain error, when confronted with a problem similar to the one in the present case, military judges should recess the court to give the parties an opportunity to arrive at an agreed upon stipulation. If they cannot agree, the proposed stipulation should not be admitted into evidence. The accused should then be advised by the military judge that he has not complied with the terms of his pretrial agreement and that the agreement is not binding on the convening authority. He should be asked if he still desires to plead guilty, and the trial judge should proceed accordingly.

*Id.* at 1018. When applied to the facts of this case, we believe that the court's guidance in *Taylor* unnecessarily restricts the military judge's discretion in handling evidentiary motions made by counsel at trial. We find that the military judge in this case was required to entertain appellant's motion to delete portions of the agreed-upon stipulation of fact.

In *United States v. Keith,* 17 M.J. 1078 (A.F.C.M.R.1984) *certificate dismissed,* 21 M.J. 407 (C.M.A.1986), *petition denied,* 23 M.J. 238 (C.M.A.1986), the court was faced with a situation in which it believed that the "trial counsel insisted on presenting evidence of other patently inadmissible offenses [through a stipulation of fact] as a precondition to acceptance of the pretrial agreement." *Id.* at 1080. That court recommended that, if faced with this dilemma, a trial defense counsel should enter into the stipulation, if true, and raise the issue at trial. *Id.* at 1080.

on the merits pursuant to Mil.R.Evid. 404(b), recognizing that *generally* when the evidence is relevant for this purpose it also should readily meet the admissibility test of R.C.M. 1001(b)(4).

Nor do we believe that *United States v. Martin,* 20 M.J. 227 (C.M.A.1985) compels such a bright line rule.

In the case at hand appellant does not contend that the government was taking "unfair advantage." Counsel present the more common situation wherein they have a difference of opinion as to the admissibility of evidence. In such a case, a trial judge's declination to consider an evidentiary objection would constitute an abrogation of his responsibility to ensure cases are fairly decided upon relevant, admissible evidence. A procedure which places an accused in a position wherein he or she may be required to agree to the admission of inadmissible uncharged misconduct in order to benefit from a pretrial agreement is fatally flawed. While an accused clearly has no right to a pretrial agreement, the system must recognize, within that context, that the rules of evidence are more than a procedural game—they are rules developed to ensure that cases are fairly and properly decided.

We recognize that pretrial agreements may be drafted so as to waive one or more significant procedural rights. *See* R.C.M. 705(c)(2)(E) (waiver of the Article 32 investigation, the right to trial by court-martial composed of members, the right to request trial by military judge alone, or the opportunity to obtain the personal appearance of witnesses at sentencing proceedings); *see also United States v. Rasberry*, 21 M.J. 656 (A.C.M.R.1985) (permissible to waive Article 31, UCMJ, 10 U.S.C. § 831, rights within the context of stipulation of fact), *petition denied*, 22 M.J. 378 (C.M.A.1986). We note, however, that R.C.M. 705(c)(1)(B) specifically states that a term or condition in a pretrial agreement shall not be enforced if it deprives the accused of the right to due process. Although not at issue in this case, circumvention of the rules excluding inadmissible uncharged misconduct, by whatever method, carries with it risks of substantive injustice. We affirm our belief that an accused is entitled to military due process of law, that is, to a fundamentally fair proceeding, during presentencing as well as during trial on the merits.

In *Taylor*, this court stated that "[i]f the contents of the stipulation are determined to reach the level of plain error, [the trial judge] must *sua sponte* act to preserve the overall fairness of the trial." *Id.* at 1018 (footnote omitted). Although we agree that a trial judge has a continuing requirement to correct errors, whether objected to or not, which will adversely affect the substantive fairness of a trial, in *Taylor* the court placed an obligation upon the military judge to evaluate the admissibility of evidence at the "plain error" threshold. This is often an impossible task for the trial judge. "Plain error" is an appellate concept which is invoked when improperly admitted evidence or other error is noticed at the appellate level (because of its potential to materially prejudice substantive rights) even though counsel did not object at trial. The effect of plain error is weighed and evaluated at the appellate level within the context of the entire record. A trial judge does not see the entire record until he authenticates it; he is in a poor position to see plain error as it occurs. A military judge admits evidence at trial in accordance with established rules of evidence and judicial precedent; he should not admit evidence which is, in his or her opinion, inadmissible but not materially prejudicial to the substantive rights of an accused. Accordingly, we find that the military judge in this case properly entertained and denied trial defense counsel's motion.

The findings of guilty and the sentence are affirmed.

Senior Judge RABY and Judge LYMBURNER concur.