UNITED STATES, Appellee,

v.

Sergeant First Class Eddie G. MUL-
LENS, 433–76–9982, United States
Army, Appellant.

ACMR 8600556.

U.S. Army Court of Military Review.

17 June 1987.

JAGC, Captain John J. Ryan, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Captain Samuel J. Rob, JAGC, Captain Patrick A. Hewitt, JAGC (on brief).

Before PAULEY, De GIULIO, and KENNETT, Appellate Military Judges.

## OPINION OF THE COURT

De GIULIO, Judge:

In accordance with his pleas, appellant was found guilty by a general court-martial composed of officers and enlisted members of driving while intoxicated; two specifications of anal and oral sodomy with his natural son, a child under the age of sixteen years; one specification of indecent acts with his natural daughter, a child under the age of sixteen years; one specification of indecent acts with his natural son and one specification of communicating a threat, in violation of Articles 111, 125 and 134, Uniform Code of Military Justice [hereinafter cited as UCMJ], respectively, 10 U.S.C. §§ 911, 925 and 934 (1982). He was sentenced to a dishonorable discharge, confinement for twenty-five years and total forfeitures. Pursuant to a pretrial agreement, the convening authority approved the dishonorable discharge, confinement for fourteen years and forfeiture of $350.00 pay per month for fourteen years.

Appellant alleges that the military judge erred by failing to exclude portions of the stipulation of fact which contained uncharged misconduct. We disagree and affirm.[1]

It appears that the issue before this court involves two categories of rules: those rules governing stipulations and more specifically stipulations of fact, and those rules involving the role of the military judge concerning his duty to control evidence that is presented to a court. We

For Appellant: Lieutenant Colonel Joel D. Miller, JAGC, Major Jerry W. Peace,

---

1. We do not intend in this opinion to decide the validity of a pretrial agreement provision which clearly indicates that the contents of a proposed stipulation will be litigated at trial.

do not believe that these two categories of rules conflict.

■ With reference to the first category, a stipulation of fact is nothing more than a consensual agreement by the prosecution, defense, and accused that the stipulated facts may be considered by the court as if competent evidence establishing those facts had been introduced at trial. *United States v. Torzsas,* 62 B.R. 259, 263–64 (A.B.R. 1946). At trial a stipulation concedes the existence of facts, dispenses with further proof of those facts, and is dependent for its existence on the consent of the parties. *Id.* A stipulation should not be accepted if any doubt exists as to the accused's understanding of what is involved in the process. *United States v. Cambridge,* 12 C.M.R. 133 (C.M.A.1953). Thus, defense counsel's objection to a stipulation is more than sufficient to raise a doubt as to the accused's understanding of the stipulation and its implications and the court should reject such a stipulation. *Torzsas,* 62 B.R. at 264. An objection to the stipulation at trial shows that an accused did not consent to its introduction into evidence and it should not be admitted. *See United States v. Herbert,* 13 C.M.R. 353 (A.B.R.1953).

■ The admissibility of a stipulation is within the sound discretion of the military judge. *Cambridge,* 12 C.M.R. 133, 138. A stipulation of fact operates as a waiver and relieves the opposing party of the need for further evidence. *United States v. Johnson,* 5 C.M.R. 362, 365 (C.G. B.R.1952). Thus, stipulations may be admissible even though they involve uncharged misconduct, statements taken in violation of Article 31, UCMJ, 10 U.S.C. § 831, illegal search, and hearsay. *See United States v. Taylor,* 21 M.J. 1016 (A.C. M.R.1986) (uncharged misconduct); *United States v. Rasberry,* 21 M.J. 656 (A.C.M.R. 1985) (statements taken in violation of Article 31(b), UCMJ, 10 U.S.C. § 831(b) (1982)); *United States v. Herbert,* 13 C.M.R. 353

(A.B.R.1953) (illegal search); *United States v. Boyd,* 7 C.M.R. 710 (A.F.B.R.1952) (hearsay). A military judge can accept a stipulation as binding on the parties where there are variances as to the facts in the absence of a showing that the variances are so substantial as to amount to mistake of fact or constructive fraud on the court. *Cambridge,* 12 C.M.R. at 141.[2] The military judge should test the stipulation for fundamental fairness. *Taylor,* 21 M.J. at 1018. His role does not involve use of his authority to bind the parties by entering the forbidden field of pretrial agreement negotiations. *See United States v. Caruth,* 6 M.J. 184 (C.M.A.1979); *United States v. Taylor,* 21 M.J. 1016 (A.C.M.R.1986); *but see United States v. Glazier,* 24 M.J. 550 (A.C.M.R. 1987); *United States v. Keith,* 17 M.J. 1078 (A.F.C.M.R.1984). Thus, we view the military judge's role as one of determining whether the stipulation is admissible. All parties to the trial should recognize that if the military judge accepts an objection to the stipulation and redacts significant portions, he has destroyed the understanding of the parties and thereby rendered the stipulation inadmissible. *See Tarzsas,* 62 B.R. 259, 263–264. There is no requirement that a pretrial agreement contain a provision for a stipulation of fact. We hold, however, that where a provision of a pretrial agreement requires the accused to enter into a stipulation of fact and his counsel's objection renders the stipulation inadmissible, the agreement has been violated.

■ In the case, *sub judice,* the stipulation of fact contains several references to sexual encounters between appellant and his children prior to the periods of time involved in the offenses as charged. Defense counsel objected to the references of uncharged misconduct in the stipulation of fact and essentially requested that the military judge redact those portions defense deemed objectionable.[3] Relying on

---

2. Consequently, we believe that it is not error for the military judge to require corrections in a stipulation provided those corrections are not substantial.

3. It should be noted that pretrial agreements involve the recommendation of the staff judge advocate and approval by the convening authority. Attempted changes in the courtroom, to a

*Taylor*, and *Rasberry*, the military judge found that the inclusion of the information did not result in fundamental error, explained to appellant that his pretrial agreement required a stipulation, further explained to appellant that his objection meant that there was no stipulation of fact because of a lack of agreement of the parties, and finally explained that a failure to agree to the stipulation of fact was a violation of the pretrial agreement. He also carefully outlined to appellant that he need not enter into a stipulation of fact and that no one could force him to do so. The military judge then recessed the court to permit counsel to discuss the matter. When the court again convened, defense counsel announced that he wished to continue with the stipulation but that he wanted to "save" the stipulation issue for appellate review.[4] The military judge announced:

> Although the defense did not articulate it, I'm also looking at this from the standpoint of [Mil.R.Evid.] 403. I think that I have a duty to look at it, from the standpoint. And—and in looking at it, from 403 standpoint, I believe that it is not prejudicial to let this go to [a] court. I think it is proper for them to consider it in sentencing, although I do want the record to reflect that I have not blithely ignored the 403 implications of this. I have considered it.

The stipulation of fact was subsequently presented to the court members.

In *Rasberry*, defense counsel moved to excise from the stipulation information tak-

en in violation of Article 31(b), UCMJ. Without litigating the issue the military judge ruled that he would not require the government to excise the statements and advised the accused that he could plead guilty if he wished, but that if he did not comply with the terms of the agreement it would be cancelled. After conferring with counsel, the accused entered a plea of guilty and did not further contest the judge's ruling. In *Rasberry*, this court held that requiring aggravating matters to be included in the stipulation did not deprive the appellant of his right to due process and that the military judge did not err by refusing to litigate the motion to suppress certain portions of the stipulation. In that case this court stated:

> Appellant freely and voluntarily, with benefit of counsel, pursued a trial strategy perceived to be in his best interest. [citations omitted]. For the military judge to have ruled otherwise would permit appellant to receive the benefit of his bargain, yet potentially deny the sentencing authority a complete understanding of the overall nature of appellant's criminal conduct.

*Rasberry*, 21 M.J. at 658.

In *Taylor*, uncharged misconduct was included in the stipulation of fact. The defense counsel objected to that portion containing the uncharged misconduct and the military judge allowed argument, ruled these portions inadmissible and allowed only a redacted version into evidence. In *Taylor*, we noted:

---

stipulation of fact which is obligatory under the terms of the agreement, require approval of the convening authority to determine if the agreement remains in effect. In *United States v. Green*, 1 M.J. 453, 456 (C.M.A.1976), citing *United States v. Elmore*, 1 M.J. 262, 264–65 (C.M.A. 1976) (Fletcher, J., concurring), the Court of Military Appeals stated:

> [T]he trial judge must shoulder the primary responsibility for assuring on the record that an accused understands the meaning and effect of *each* condition as well as the sentence limitations imposed by any existing pretrial agreement. Where the plea bargain encompasses conditions which the trial judge believes violate either appellate case law, public

policy, or the trial judge's own notions of fundamental fairness, he should, on his own motion, strike such provisions from the agreement *with the consent of the parties* (emphasis added).

4. The military judge obtained appellant's affirmative desire to continue with the pretrial agreement even realizing that the stipulation would not be changed. We believe appellant's agreement to the stipulation of fact operates as a waiver of its admissibility. *See United States v. Rasberry*, 21 M.J. 656 (A.C.M.R.1985); *United States v. Johnson*, 5 C.M.R. 362, 365 (C.G.B.R. 1952).

By entertaining objections to the stipulation of fact, rather than adjourning the court to allow counsel to discuss whether they have an agreed upon stipulation, we believe the military judge improperly inserted himself into the pretrial negotiations. The military judge allowed his ruling to set a term of the pretrial agreement.

*Taylor* 21 M.J. at 1017–18.

In the case before us, we believe that the military judge properly applied our holding in *Taylor*.[5] He tested the stipulation under Rule 403 and determined that its probative value was not substantially outweighed by the danger of unfair prejudice. *See* Manual for Courts-Martial, United States, 1984, Mil.R.Evid. 403. He questioned appellant and counsel and determined that they desired to proceed with a favorable pretrial agreement. He proceeded with his required judicial duty of determining if the stipulation, as an evidentiary matter, was admissible. He advised the appellant that no one could force him to stipulate but that failure to do so violated his pretrial agreement. He then permitted the parties to discuss the stipulation and properly admitted the agreed-upon document. In sum, he permitted appellant to receive the benefits of the pretrial agreement without denying the sentencing authority a complete understanding of the overall nature of appellant's criminal misconduct. We find no fundamental unfairness which resulted in a violation of due process of law. *See Rasberry.*[6]

We note that the appellant's approved sentence includes forfeitures of $350.00 pay per month for fourteen years. A sentence to forfeitures shall state the number of *months* the forfeitures will last. *United States v. Perry*, 24 M.J. 557 (A.C. M.R.1987). We shall correct this error in our decretal paragraph.

The findings of guilty are affirmed. Only so much of the sentence is affirmed as provides for a dishonorable discharge, confinement for fourteen years, and forfeiture of $350.00 pay per month for 168 months.

Senior Judge PAULEY and Judge KENNETT concur.

---

**5.** We are cognizant of the *obiter dicta* in *United States v. Glazier*, which criticizes the holding in *Taylor*. We believe a careful reading of *Taylor* reveals that the proper role for the military judge is to rule whether a stipulation exists and whether it is admissible into evidence. *See Taylor*, 21 M.J. at 1018. We believe *Taylor* is consistent with the principle announced in *Green. Supra* note 3. *Glazier* criticizes the use of the term *plain error* in the *Taylor* case and concludes that it is "[o]ften an impossible task for the trial judge [to determine plain error]." *Glazier*, 24 M.J. at 554. We believe that *Glazier* places too much emphasis on the term "plain error" when it is manifest that the due process test of fundamental fairness is intended in *Taylor*. In any event, it is clear from the case before us that the trial judge understood and properly applied *Taylor*.

**6.** It has been suggested that rulings of this type by the military judge could force an accused to either agree to unreasonable requirements in stipulations or be deprived of a pretrial agreement. If an accused believes he is being treated unfairly, he is entitled to put the government to its proof. As noted by Judge Cox in his concurring opinion in *United States v. Jones*, 23 M.J. 305, 309 (C.M.A.1987),

> I take it that the convening authority's ability to refuse entirely to enter into pretrial agreements or to enter into any particular agreement is the ultimate command-sponsored limitation. Yet, I am aware of no authority for the proposition that a convening authority has a duty to enter into pretrial agreements. Therefore, any less restrictive policy the convening authority might adopt regarding the terms he might accept or require, short of such terms as might offend public policy or higher authority, should be nonobjectionable.
> I make these observations on the assumption that the accused will, in all cases, enjoy, as an alternative to the Government's terms, unrestricted access to the ultimate remedy—that is, the trial—together with the total panoply of rights and opportunities that entails.