**UNITED STATES, Appellee,**

v.

**Bradford S. MANLEY, Private First Class U.S. Army, Appellant.**

No. 53,041.

SPCM 21189.

U.S. Court of Military Appeals.

Dec. 22, 1987.

---

For Appellant: *Colonel Brooks B. La Grua, Major Eric T. Franzen, Captain Bernard P. Ingold* (on brief); *Lieutenant Colonel Paul J. Luedtke, Captain Scott A Hancock, Captain Annamary Sullivan.*

For Appellee: *Colonel James Kucera, Lieutenant Colonel Adrian J. Gravelle, Major Byron J. Braun* (on brief).

*Opinion of the Court*

EVERETT, Chief Judge:

This is another case of an accused who seeks the benefit of a plea bargain that has been repudiated by the Government.[1]

---

1. The issue granted in this case is:

   WHETHER THE MILITARY JUDGE ERRED TO THE APPELLANT'S SUBSTANTIAL PREJUDICE BY ALLOWING THE GOVERNMENT TO UNILATERALLY WITHDRAW FROM A PRETRIAL AGREEMENT AFTER APPELLANT HAD PERFORMED ALL OF THE CON-

## I

Three charges were preferred against Manley: Charge I alleged in specification 1 that on June 8, 1984, he wrongfully possessed marijuana, and in specification 2 that on the same day he wrongfully possessed cocaine; Charge II alleged wrongful appropriation of a government test set worth $76.78; Charge III alleged wrongful possession of marijuana on August 9, 1984, in violation of Articles 134, 121, and 112a, Uniform Code of Military Justice, 10 U.S.C. §§ 934, 921, and 912a, respectively. After the charges had been referred to a special court-martial, appellant submitted an offer to plead guilty to Charge I and its two specifications and to Charge III, if the convening authority agreed (a) to "direct that the trial counsel will not offer any evidence on ... Charge II"; and (b) not to "approve any sentence in excess of" bad-conduct discharge, confinement and forfeiture of two-thirds pay per month for 100 days, and reduction to the grade of Private E-1.

The offer to plead guilty acknowledged that, if accepted, the resulting agreement would "be automatically cancelled upon the happening of any of the following events:

1. The changing of my pleas by me during trial, from guilty to not guilty. 2. The refusal of the court to accept my plea of guilty. 3. My refusal to enter into a stipulation of fact regarding the charges."

When his case came on for trial, appellant elected trial by military judge alone and entered pleas of guilty to Charges I and III and not guilty to Charge II. In the ensuing providence inquiry, Manley's answers concerning the August 9 offense, which was the subject of Charge III, indicated that he did not have knowing possession of a partially burned marijuana cigarette which had been found in his car. Therefore, the military judge properly ruled that the pleas to this Charge appeared to be improvident. After a brief recess and further questions posed to the accused, the judge announced:

I appreciate the efforts of the parties to assist in arriving at an equitable decision regarding this matter, but if I can't close the holes, you know, I'm just not in the position to make something provident that's not, so I just don't have enough information to convince me that we can go ahead and call the plea provident.

Then, after the judge had finally concluded that the pleas of guilty as to Charge III were improvident, Manley's civilian defense counsel stated:

We are ready to go forward, Your Honor. We would request a finding on the providency with respect to Specification 1 and Specification 2 of Charge I.

The judge asked appellant some questions about the offenses involved in Charge I and then inquired, "Is there a pretrial agreement in this case?" Trial counsel responded in the affirmative. The judge then commenced to review the pretrial agreement with the accused; and, in this connection, he noted that

as it stands—because I've entered a plea of not guilty for you as to Charge III and its Specification, you have entered a plea of guilty to both Specifications of Charge I and Charge I; and in exchange for that, the convening authority has agreed to approve no sentence in excess of that indicated in Appellate Exhibit VI, which I have not seen, but you have just read.

The judge then asked trial counsel: "[I]s it correct that the Government intends to offer no evidence as to the Specification of Charge III and Charge III?" Having received an affirmative response, the judge stated that "[w]e will take that then at this point in time as a portion and condition of the agreement." However, he also specifically asked the civilian defense counsel, "Is that your understanding as well ... ?"; and the attorney answered that it was. Accordingly, the judge asked:

DITIONS CONTAINED IN THE AGREEMENT.
*See, e.g., United States v. Penister,* 25 M.J. 148 (C.M.A.1987); *Shepardson v. Roberts,* 14 M.J.

354 (C.M.A.1983); *see Mabry v. Johnson,* 467 U.S. 504, 104 S.Ct. 2543, 81 L.Ed.2d 437 (1984).

PFC Manley, you now understand that the Government is not going to go forward with evidence on the Specification of Charge III and Charge III to which I have entered a plea of not guilty in your behalf?

Manley affirmed that this was his understanding of the agreement.

The military judge reviewed the agreement still further and again remarked that the requirement of the pretrial agreement had been eliminated that appellant plead guilty to Charge III. He pointed out that "the parties have agreed, frankly, to delete that portion of the pretrial agreement wherein the accused agreed to plead to the Specification of Charge III and Charge III, guilty." Trial counsel then affirmed that this was his understanding and that he was satisfied that the agreement had "not [been] automatically cancelled" and that it was "still viable."

The civilian defense counsel stated that, after talking to trial counsel and to "the Deputy Staff Judge Advocate," he also was satisfied in this regard. Defense counsel added that the deputy staff judge advocate had "indicated his intention to confirm that with the convening authority," and he "assume[d] that has been done." The judge then stated:

I am satisfied that the convening authority will consider himself bound. And certainly if he doesn't, the terms of this discussion here will make him bound legally, whether he wanted to be or not, I'm afraid.

Trial counsel stated that this also was his understanding; and he declined the military judge's offer of additional time to make further inquiry.

At a later point in the providence inquiry, the judge turned to a proposed stipulation of fact—which was the subject of one of the conditions for automatic cancellation in Manley's original offer to plead guilty. After examination of this document, he remarked "that the final paragraph," as it had been drafted, "refers to the offense that the Government is going to decline introducing evidence upon. Nonetheless, I'm not going to require the parties to modify the stipulation, unless you so desire." Neither the Government nor the defense indicated a desire to modify it. After the accused and his counsel had affirmed the accuracy and voluntariness of the stipulation, the judge explained that he would "consider its contents as setting forth aggravating matters."

In this connection, the civilian defense counsel inquired as to "the Court's intention with respect to the last paragraph of the Stipulation of Fact, in light of the fact the Government has indicated that they are not going to introduce any evidence on that." The military judge replied that the information "would be a matter in aggravation, and I would consider it as such." According to the judge, this paragraph—which concerned the finding of a partially burned hand-rolled marijuana cigarette in Manley's vehicle on August 9—would be considered as "evidence that the accused engaged in criminal activity subsequent to his being busted on the 8th of June."

At this point, defense counsel indicated that, in view of these comments by the judge, he would like a brief recess to talk to the accused about the stipulation of fact. The judge then granted the parties a recess to "give everybody an opportunity to figure out what you want to do on the Stipulation, and if the defense wants to back out of the Stipulation, what the Government wants to do about the whole ball of wax."

When the court reconvened 2 hours later, defense counsel reminded the military judge that the last paragraph of the stipulation of fact had dealt with Charge III and that he had assumed from the judge's comment that he "would not ask the parties to re-draft" the stipulation that this paragraph would not be considered. However, upon inquiry by the defense, the judge indicated that he planned to consider this portion of the stipulation as a matter of aggravation.

The defense, on the other hand, had concluded from its reading of R.C.M. 1001(b)(4), Manual for Courts-Martial, United States, 1984, that, if the Government

offered no evidence on this charge and there was a finding of not guilty, alleged misconduct on August 9 would not be a proper matter in aggravation. Defense counsel went on to say that, "just so that the record is clear, this Stipulation of Fact will in fact be withdrawn. The parties no longer are agreeing to these facts—it's been revised"; and he then asked if the court, as the factfinder, would be able to disregard the information contained in the last paragraph of the original stipulation.

The judge responded that he thought defense counsel was "premature," because he entertained a different view of R.C.M. 1001(b)(4) and considered that the subsequent presence of the marijuana cigarette in the accused's vehicle on August 9 would relate to the possession offenses on June 8. Defense counsel then commented that he took a different position:

> But to solve that problem, we have in fact re-drafted a stipulation of fact. And I just wanted to clarify the record, indeed, if the parties do withdraw from Prosecution Exhibit Number 2 for Identification, and enter into a new Stipulation of Fact, can you as fact finder then disregard anything you may have read in a Stipulation of Fact which does not become evidence?

The military judge then answered in the affirmative and inquired if there were "to be another stipulation." Thereupon, trial counsel handed up a new stipulation of fact; and, after review by the military judge, the accused and counsel all agreed to his receipt of the stipulation of fact, subject to the judge's acceptance of the guilty pleas.

In response to questions from the judge, Manley then reaffirmed that he had entered the pretrial agreement voluntarily and had no questions about it. However, at this point trial counsel stated:

> Your Honor, it's the Government's position that in light of some changed circumstances, the Government would intend to proceed on evidence concerning Charge III. And I believe it might be appropriate at this time, when you raise

the pretrial agreement, to at least place that position on the record. The Government feels that since its last assertion that it would not present evidence on Charge III, circumstances have changed sufficiently so as to not obligate the Government to that particular statement. Those circumstances are the re-drafting of the stipulation of fact to delete references which the Court has previously agreed not to at this point in time consider. As such, the Government does intend on proceeding with Charge III. And even in doing so, would consider itself bound by the pretrial agreement in this case.

When asked if the defense wished to be heard, the civilian defense counsel responded, "[N]o comment." After determining from trial counsel that the Government was "withdrawing from the previously agreed oral modification, or parol modification, on the record of the pretrial agreement, to wit: not to adduce evidence on Charge III," the military judge stated:

> I'm inclined to believe that the agreement as a whole should be once again looked at then. I was willing to acquiesce one time when both parties agreed to certain actions; but now, that's not the case, because the defense has chosen to say "No comment," rather than agreeing with what you are going to do. Accordingly, I'm of the opinion that the expressed terms of the agreement should be followed inasmuch as there is not an agreed modification thereof. And it would appear to me, therefore, that the agreement would automatically be cancelled. The Government is not bound and we should start from scratch. And by that I mean to tell you, PFC Manley, that you are not required to plead guilty, because I no longer believe, and in fact so rule, you don't have the benefit of the pretrial agreement to rely upon.

Defense counsel replied that "the Court may have misread" his " 'No comment' " remark and added:

I think that the Government—the accused in this particular case is in fact bound by the pretrial agreement if the Government indicates they consider themselves to be bound by the agreement. I think it was somewhat gratuitous on the part of the Government to decide not to proceed on the Specification of Charge III and Charge III. They certainly could have. But they have elected initially not to proceed on it, and now elected to proceed on that. There is certainly nothing that we can do to stop them from proceeding. And I don't think that they are under legal impediment not to proceed on the Specification of Charge III. It's our feeling that they have an absolute legal right to do so, if they want to. They have chosen to do that. They considered themselves bound by the pretrial agreement, and indeed we consider the Government bound by the pretrial agreement, based on Captain Bell's oral assertions that they wish to be bound. We are certainly not withdrawing from the pretrial agreement. Indeed, we specifically desire the benefit of the pretrial agreement.

After reviewing the rather confusing events and statements, the judge allowed a further recess so that the parties could have an opportunity to modify the pretrial agreement. When the court reconvened, trial counsel announced that "the Government no longer" felt "itself bound by the pretrial agreement and ... would be prepared ... to present evidence on these charges as preferred and referred." Civilian defense counsel then stated that it was his "understanding" that "the Government simply has withdrawn from the pretrial agreement" and that "[a]lthough we feel that's unfortunate, the law provides that they may do that." Defense counsel announced that Manley would not withdraw the pleas of guilty that he had entered as to Charge I, his pleas of not guilty to Charge II, and the pleas of not guilty entered for him by the court to Charge III.

Likewise, he would continue with the revised stipulation of fact.

The Government proceeded to offer evidence as to both Charges II and III; the defense presented evidence; and there was prosecution rebuttal and defense surrebuttal. Indeed, the court recessed for 2 weeks to obtain additional witnesses whose testimony the military judge wished to hear. Ultimately, the judge convicted Manley of Charge II (the wrongful appropriation of the test set) but acquitted him of Charge III.

After evidence had been presented in extenuation and mitigation, the military judge sentenced appellant to a bad-conduct discharge, confinement and forfeiture of $333 pay per month for 3 months, and reduction to the grade of E-1. The findings and sentence were approved by the convening authority. The Court of Military Review consolidated[2] the two specifications of Charge I, but, otherwise, it approved the findings and sentence.

II

A convening authority may withdraw from a pretrial agreement at any time before the accused begins performance of promises contained in the agreement. *See* R.C.M. 705(d)(5)(B); *Shepardson v. Roberts*, 14 M.J. 354 (C.M.A.1983). In this case, however, the accused commenced performance by entering pleas of guilty pursuant to the written pretrial agreement before the Government took any action to withdraw. However, when the judge properly decided that the appellant's pleas to Charge III were improvident and entered pleas of not guilty, the Government was entitled under its very terms to withdraw from the agreement.

Instead, the Government, acting through trial counsel, elected to modify the pretrial agreement by eliminating the requirement that guilty pleas be accepted as to Charge III. It seems clear from the record that the convening authority authorized this action; and the Government has not contend-

2. *See United States v. Sorrell,* 23 M.J. 122 n. 1 (C.M.A.1986).

ed at any time that trial counsel was exceeding his authority. *Cf. Satterfield v. Drew,* 17 M.J. 269 (C.M.A.1984).

█ The automatic-cancellation provision in the original pretrial agreement required the accused "to enter into a stipulation of fact regarding the charges." The oral modification of the pretrial agreement to eliminate the requirement of guilty pleas to Charge III did not relieve Manley of his obligation to enter into a stipulation of fact. However, just as the stipulation of fact that had originally been drafted contained no reference to facts concerning Charge II—as to which appellant was pleading not guilty—it would seem that the requirement of entry into a stipulation of fact should be construed to require Manley only to stipulate to the facts as to the Charge to which he was pleading guilty. In any event, the Government announced that it intended to offer no evidence as to Charge II; it would certainly appear unlikely that the requirement of a stipulation of fact should be construed to include facts concerning that Charge.

When the military judge stated that he would not "require the parties to modify the stipulation," defense counsel logically inferred that the judge would not be considering the last paragraph of the stipulation as it first had been drafted, since that paragraph related to the dismissed charge. However, when the judge stated that trial counsel could use this "in aggravation during the sentencing proceeding," defense counsel properly expressed his concern.

The military judge's rationale is somewhat hard to understand. If the last paragraph of the stipulation was not sufficient to uphold Manley's pleas of guilty to Charge III, it is unclear why that same evidence by itself would establish misconduct suitable for consideration in aggravation of sentence. Moreover, as we construe R.C.M. 1001(b)(4), which allows "evidence as to any aggravating circumstances directly relating to or resulting from the offenses of which the accused has been found guilty," it seems doubtful that the presence in Manley's car of a burned marijuana cigarette on August 9 "directly relat[es] to or result[s] from the offenses of" wrongful possession of drugs 2 months earlier. However, defense counsel properly avoided the problem by having trial counsel join in executing a revised stipulation of fact, which deleted all references to the events of August 9.

█ At this point, the accused not only had begun performance of the promises contained in the agreement—as that agreement had been modified at trial—but he had completed his performance. R.C.M. 705(d)(5) specifies the conditions under which the convening authority may withdraw from a pretrial agreement. According to that Rule, a convening authority may not withdraw after an accused has performed all the material promises and conditions in the agreement. *United States v. Penister,* 25 M.J. 148 (C.M.A. 1987). Of course, we perceive no distinction here by reason of the circumstance that Manley's performance was not of the original pretrial agreement but instead, of that agreement as it had been modified at trial. Under the circumstances of this case, appellant was entitled to the benefit of his bargain.

### III

The decision of the United States Army Court of Military Review is reversed as to Charge II and its specification and the sentence. The findings of guilty thereon are set aside, and that Charge and its specification are dismissed. The record of trial is returned to the Judge Advocate General of the Army for remand to that court for reassessment of the sentence based on Charge I and its consolidated specification.

Judge COX concurs.

Judge SULLIVAN did not participate.