UNITED STATES, Appellee,

v.

Specialist Four Howard W. NEIL, 234–13–7673, United States Army, Appellant.

ACMR 8700754.

U.S. Army Court of Military Review.

19 Jan. 1988.

For Appellant: Lieutenant Colonel Joel D. Miller, JAGC, Major Marion E. Winter, JAGC, Captain William J. Kilgallin, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Major Byron J. Braun, JAGC, Captain George R. Gillette, JAGC (on brief).

Before ADAMKEWICZ, LYMBURNER and SMITH, Appellate Military Judges.

## OPINION OF THE COURT

ADAMKEWICZ, Senior Judge:

On 2 April 1987, the appellant was tried by a military judge and convicted, pursuant to his pleas, of violation of a lawful general regulation by improperly disposing of tax-

free goods, wrongful use of marijuana, larceny of property of a value in excess of $100.00, and housebreaking, in violation of Articles 92, 112a, 121, and 130, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 892, 912a, 921, and 930, respectively. The sentence to a bad-conduct discharge, confinement for twenty months, total forfeitures, and reduction to Private E–1 was approved by the convening authority. On appeal, he contends that he was improperly punished for uncharged misconduct.

In his offer to plead guilty, the appellant had agreed to enter into a written stipulation of fact with trial counsel and further agreed that the stipulation could be used to inform the court of matters pertinent to sentence. During the providence inquiry, the appellant assured the military judge that he understood the meaning and effect of the stipulation of fact, that he and his counsel agreed that the facts therein were true, and that he consented to admission of these facts as evidence and their consideration in determining an appropriate punishment. After the stipulation was admitted as a prosecution exhibit, the following colloquy took place:

MJ: Now, Specialist Neil, reference page 2 of this document, it contains two incidents of uncharged misconduct which are after the fact.[1]

ACC: Yes, sir.

MJ: Now, is it your understanding that you're agreeing to these, and having me consider these, solely for the purpose so the government won't prefer these charges against you and won't go forward?

ACC: Yes, sir.

DC: One moment, Your Honor.

(Accused and counsel conferred.)

MJ: In other words, [defense counsel], what I'm saying is, were you protecting the accused from a later prosecution for these offenses by having me consider it? Is that your understanding?

DC: (Paused.) Yes, Your Honor, that's the defense's understanding.

MJ: Okay. In other words, what I'm saying—just so you understand this, Specialist Neil—in other words, at this point, the government is desiring that I consider this and you're willing to have me consider these two incidents, and the purpose behind that is so that the government is not going to prosecute you for them. In effect, by having me consider them, they're considering the fact that I will punish you for these offenses also and therefore they will not prefer charges, so that you're going to be protected from prosecution later.

The accused and the government agreed that this was their understanding as to why the acts were included in the stipulation of fact.

Prior to appellant's trial, this court had suggested different approaches as to the proper role of the trial judge when the accused contests matters contained in a stipulation of fact.[2] *Compare United States v. Taylor*, 21 M.J. 1016 (A.C.M.R. 1986) (by allowing the parties to litigate the contents of the stipulation of fact, the military judge improperly inserted himself into the pretrial negotiations) *with United States v. Glazier*, 24 M.J. 550 (A.C.M.R. 1987), *petition granted*, 25 M.J. 387 (C.M. A.1987) (accused must be able to seek evidentiary rulings on admissibility of contents without being denied benefits of pretrial agreement). In a more recent case, *United States v. Mullens*, 24 M.J. 745, 747 (A.C.M.R.1987), *set aside and remanded*, 25 M.J. 307 (C.M.A.1987, *reinstated on remand*, 25 M.J. 708 (A.C.M.R.1987), another panel of this court held that a pretrial agreement is violated where the "agreement requires the accused to enter into a stipulation of fact and his counsel's objec-

---

**1.** The stipulation referred to an absence without leave for approximately a day-and-a-half and use of a false pass with intent to deceive, both of which occurred subsequent to the charged offenses.

**2.** For a discussion of the varying case law, *see* Dept. of the Army, Pam. 27–173, Legal Services —Trial Procedure, para. 25–4 (15 Feb. 1987).

tion renders the stipulation inadmissible...."

Because of its potential for undue prejudice, evidence of a crime not charged is inadmissible against an accused except under certain limited circumstances. In the Manual for Courts–Martial, United States, 1984 [hereinafter M.C.M., 1984], guidance is provided on a number of instances where such information is relevant and admissible. For example, under Mil.R.Evid. 404(b) such evidence may be used to establish motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. If the evidence would have been admissible under Mil.R.Evid. 404(b) in a contested case, such evidence may be considered on sentencing. M.C.M., 1984, Rule for Courts–Martial 1001(f)(2)(A) [hereinafter R.C.M.]; the fact that a guilty plea was entered does not preclude its admission and consideration on sentencing. *United States v. Martin*, 20 M.J. 227 (C.M.A.1985), *cert. denied*, — U.S. —, 107 S.Ct. 323, 93 L.Ed.2d 295 (1986). Rule for Court–Martial 1001(b)(4) also provides a vehicle for the trial counsel to present evidence during sentencing of uncharged misconduct when such constitutes an aggravating circumstance "directly relating to or resulting from the offenses of which the accused has been found guilty." *See United States v. Anderson*, 25 M.J. 779 (A.C.M.R.1988); *United States v. Arceneaux*, 21 M.J. 571 (A.C.M.R.1985), *petition denied*, 22 M.J. 240 (C.M.A.1986); *United States v. Harrod*, 20 M.J. 777 (A.C.M.R.1985). Such information may be brought before the sentencing authority through a stipulation of fact. *See* R.C.M. 705(c)(2)(A). Furthermore, in a case where opinion evidence is offered concerning the accused's potential for rehabilitation, on cross-examination, inquiry is allowed into relevant and specific instances of conduct. R.C.M. 1001(b)(5).

In this case, evidence of the uncharged misconduct was introduced in a stipulation of fact during the providence inquiry and the military judge properly conducted a detailed review of the contents of the stipulation of fact. It has been noted that "[t]he government is prohibited neither by law nor by public policy from requiring an accused, pursuant to the terms of a pretrial agreement, to stipulate to aggravating circumstances surrounding the offenses to which the accused will plead guilty." *Harrod, supra* at 779. As a cautionary measure, "it would seem that the requirement of entry into a stipulation of fact should be construed to require [an accused] only to stipulate to the facts as to the Charge to which he was pleading guilty." *United States v. Manley*, 25 M.J. 346, 351 (C.M.A. 1987); R.C.M. 705(c)(2)(A). Here, the stipulated misconduct at issue did not concern an offense to which a plea of guilty was entered.

While evidence presented by trial counsel in aggravation must comport with R.C.M. 1001(b),[3] this court has never held that an accused cannot stipulate to acts of misconduct to be considered in sentencing. Absent a violation of public policy or fundamental fairness, we see no requirement that those acts of misconduct stipulated to by an accused as part of the plea negotiation process with the government have a nexus to the charged offenses where the military judge ensures that the accused understands the nature and effect of the stipulation, agrees that its contents are true, and freely and voluntarily consents to its use for the purposes stated in the inquiry. *United States v. Thomas*, 6 M.J. 573 (A.C.M.R.1978), *affirmed*, 8 M.J. 216 (C.M.A.1980); *see also United States v. Bertelson*, 3 M.J. 314 (C.M.A.1977); R.C.M. 811(c) discussion.

However, that is not to say that it is always entirely proper for a court to consider acts of misconduct of which the accused has not been convicted, in order to arrive at an appropriate sentence. Notwithstanding the progressive sentence procedures created in the 1984 Manual that lifted many of the former restrictions as to the kind of information that may be con-

---

3. *E.g.*, M.C.M., 1984, Analysis of R.C.M. 1001, App. 21, A21–64 [hereinafter cited as R.C.M. 1001 analysis] ("[t]he evidence must be of circumstances directly relating to or resulting from an offense of which the accused has been found guilty.")

sidered in determining an appropriate punishment, *compare* paragraph 75, Manual for Courts–Martial, United States, 1951 *with* R.C.M. 1001, military practice remains much more restrictive than its civilian federal counterpart, apparently because of concern that the sentencing body, whether court members[4] or military judge,[5] will place undue emphasis on such extrinsic evidence. Federal Rule of Criminal Procedure 32(c) permits a federal judge to obtain a comprehensive presentence inquiry into the character and history of the defendant for consideration before adjudging a sentence. *See Gregg v. United States*, 394 U.S. 489, 89 S.Ct. 1134, 22 L.Ed.2d 442 (1969); *Williams v. New York*, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949). At a sentencing hearing, a federal judge may consider hearsay information of unrelated criminal activity for which the defendant has been neither prosecuted nor convicted when that information has sufficient indicia of reliability to support its accuracy. *United States v. Cardi*, 519 F.2d 309, 313–314 (7th Cir.1975). Although our current military practice is analogous to that in the federal civilian system, the information authorized on sentencing in a court-martial does not permit a complete and accurate picture of the accused to be presented and even the information that qualifies for admission is subject to an adversarial process. *See* R.C.M. 1001 and R.C.M. 1001 analysis; Mil.R.Evid. 403 (probative value of relevant evidence may be substantially outweighed by danger of unfair prejudice).

■ While an accused can in general only be *punished* for the conviction currently before the sentencing body, his other misconduct, if otherwise properly before the court, may be *considered.* Indeed, "an accused [may] himself request[ ] that certain uncharged crimes be taken into ac-

count in sentencing...." *United States v. Kinman*, 25 M.J. at 100 n. 2. Such an event occurred in this case. The appellant requested the court to consider the uncharged crimes. Thus it would have been entirely proper for the military judge to take into account the additional offenses, even though they postdated the crimes charged, in making his determination as to what punishment would be fair and just for this accused. His error was in actually assessing punishment *for* the uncharged offenses. To penalize an accused for an offense for which he stands not convicted violates the basic precepts of due process. *United States v. Eberhardt*, 417 F.2d 1009 (4th Cir.1969), *cert. denied sub nom. Berrigan v. United States*, 397 U.S. 909, 90 S.Ct. 907, 25 L.Ed.2d 90 (1970).

■ Notwithstanding that appellant's sentence was less than that provided for in the pretrial agreement,[6] we cannot reliably say that the accused has not been prejudiced,[7] where, as here, the trial counsel argued that the uncharged offenses should be taken into consideration and the military judge announced that he would impose a sentence for those offenses. *See United States v. Kinman, supra.*

The appellant argues that a sentence rehearing is required. We disagree and believe that we can satisfactorily determine a sentence "that the original sentencing body would have at least adjudged absent the error." *United States v. Maxwell*, 25 M.J. 597, 603 (A.C.M.R.1987). The findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted and the entire record, the court affirms only so much of the sentence as provides for a bad-conduct discharge, confinement for

---

**4.** *See United States v. Montgomery*, 42 C.M.R. 227, 231 (C.M.A.1970) ("more easily prejudicial"); *United States v. Warborg*, 36 C.M.R. 188 (C.M.A.1966).

**5.** *See United States v. Kinman*, 25 M.J. 99, 104 (C.M.A.1987) (Cox, J., dissenting) ("[i]t often appears that questioning (military judges') integrity and ability to fairly administer their sentencing responsibilities is a prevalent attitude, a

situation which I consider to be most unfortunate.")

**6.** *United States v. Hendon*, 6 M.J. 171, 175 (C.M.A.1979) ("accused's own sentence proposal is a reasonable indication of its probable fairness to him.")

**7.** *United States v. Sales*, 22 M.J. 305, 307 (C.M.A. 1986).

**802**

twelve months, forfeiture of all pay and allowances, and reduction to Private E–1.

Judge LYMBURNER and Judge SMITH concur.