**UNITED STATES, Appellee,**

v.

**Sergeant Douglas A. HELWEG, 474–58–6731, United States Army, Appellant.**

**ACMR 8801165.**

U.S. Army Court of Military Review.

30 Oct. 1989.

---

1. Judge David W. Kolenda took final action in this case prior to his release from active duty.

For Appellant: Lieutenant Colonel Russell S. Estey, JAGC, Captain Jon W. Stentz, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Captain Randy V. Cargill, JAGC (on brief).

Before FOREMAN, SMITH and VARO, Appellate Military Judges.

## OPINION OF THE COURT

VARO, Judge:

Pursuant to his pleas, appellant was found guilty by a military judge sitting as a general court-martial of two specifications of sodomy and three specifications of indecent acts with his twelve-year-old stepdaughter in violation of Articles 125 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 925 and 934 (1982). He was sentenced to a bad-conduct discharge, confinement for twenty-three months, forfeiture of $200.00 per month for twenty-three months, and reduction to Private El. The sentence was approved by the convening authority.

Prior to his pleas, appellant's trial defense counsel submitted a motion *in limine* in an attempt to exclude statements of the victim, her brother, and others. The defense counsel argued these statements were inadmissible hearsay citing Manual for Courts–Martial, United States, 1984, Military Rules of Evidence 802, 803, and 804. She further argued that admission of the statements would deprive her client of his sixth amendment confrontation rights. The military judge decided to rule on the issues after they had been fully presented in the case in chief, not prior to pleas. The matters were not subsequently raised in the case as the appellant then plead guilty to all charges and specifications.

Appellant now contends that the military judge erred by not deciding the issue prior to pleas; that the government forced the appellant to waive pretrial motions by stating it would not be bound by a pretrial agreement if appellant plead not guilty and later changed his plea to guilty; and that the guilty plea was improvident because the military judge should have advised the appellant that the government would be bound by the terms of the pretrial agreement even if the appellant plead not guilty and then changed his plea to guilty if the evidentiary motion was unsuccessful.

■ We find no error in the actions of the military judge or the trial counsel, and hold appellant's assertions to be without merit. The trial defense counsel's motion *in limine* was not a motion to suppress evidence within the meaning of Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 905(b) [hereinafter R.C.M.]. Rather, it was a motion for appropriate relief seeking a preliminary ruling on the admissibility of evidence. R.C.M. 906(b)(13). The military judge has been given much discretion regarding when to rule on such motions. R.C.M. 906(b)(13) discussion; *United States v. Gamble,* 27 M.J. 298, 306 (C.M.A.1988); *United States v. Cofield,* 11 M.J. 422, 430–431 (C.M.A. 1981).

■ Appellant's argument centers around the pretrial agreement he initiated. Based on the charges, the appellant faced a maximum of fifty-four years' confinement versus three years under the agreement. The trial defense counsel's goal was first to obtain the benefit of litigating the evidentiary issue, and then if unsuccessful, to maintain the sentence limitations of the pretrial agreement. The military judge has a recognized affirmative duty to assure that the pretrial agreement does not limit the due process rights of any accused. *See United States v. Holland,* 1 M.J. 58 (C.M.A.1975); *United States v. Gibson,* 27 M.J. 736 (A.C.M.R.1988). However, our review of this case reveals no grounds which required the military judge to follow the most beneficial path for the defense in determining when to rule on the motion. The pretrial agreement in question is consistent with the guidelines set forth in R.C.M. 705 and did not deprive the appellant of any of the rights enumerated in R.C.M. 705(c) (terms and conditions of pretrial agreements). Further, the agreement does not limit the appellant's ability to make appropriate pretrial motions. *See* R.C.M. 705(c) discussion.

■ Moreover, we do not agree with appellant's reliance on *United States v. Glazier,* 24 M.J. 550 (A.C.M.R.1987), *affirmed,* 26 M.J. 268 (C.M.A.1988), for the proposition that all evidentiary matters must be considered by the military judge while maintaining the protections of a pretrial agreement for the accused. In *Glazier* this court stated that "(a) procedure which placed an accused in a position wherein he or she may be required to agree to the admission of inadmissible uncharged misconduct in order to benefit from a pretrial agreement is fatally flawed." In the case at bar, the accused was not required to agree to the admission of any evidence. The questioned statements were not part of any stipulation of fact, nor were they tied to the appellant's confession. As this was a trial by military judge alone, there was no evidence which would have improperly prejudiced a jury by delaying action on the motion until the trial on the merits. Neither the determination by the military judge nor the actions by the trial counsel forced the appellant to waive motions; nor did they impact on the providence of his plea.

A review of the pretrial agreement leads us to the same conclusion as the trial counsel that the government would no longer have been bound by the agreement had the appellant entered a conditional plea of not guilty. As noted in *United States v. Hannan,* 17 M.J. 115, 124 (C.M.A.1984), "(a)lthough a pretrial agreement differs in some respects from an ordinary contract, ... like other contracts it must be construed and applied in accord with its basic purpose." In the case at bar, the appellant was faced with a choice of litigating the hearsay matters in question and facing a potentially long sentence if unsuccessful, or pleading guilty and accepting the known terms of the pretrial agreement. Considering the purpose and fairness of the contract, and the nature of the evidence in question, we find no basis upon which to require the government to provide the plethora of options desired by the appellant.

The findings of guilty and the sentence are affirmed.

Senior Judge FOREMAN and Judge SMITH concur.