UNITED STATES, Appellee,

v.

Douglas A. HELWEG, Sergeant U.S. Army, Appellant.

No. 63,894.
CM 8801165.

U.S. Court of Military Appeals.

Argued Nov. 27, 1990.

Decided March 19, 1991.

For Appellant: *Major Michael J. Kelleher* (argued); *Lieutenant Colonel Russell S. Estey* and *Captain W. Renn Gade* (on brief); *Colonel Robert B. Kirby* and *Captain Jeffrey J. Fleming.*

For Appellee: *Captain Randy V. Cargill* (argued); *Colonel Alfred F. Arquilla* and *Lieutenant Colonel Daniel J. Dell'Orto* (on brief).

*Opinion of the Court*

COX, Judge:

Pursuant to a pretrial agreement, appellant pleaded guilty to committing sodomy and indecent acts upon his 12–year–old stepdaughter, in violation of Articles 125 and 134, Uniform Code of Military Justice, 10 USC §§ 925 and 934, respectively. The military judge, sitting alone as a general court-martial, accepted appellant's pleas and sentenced him to a bad-conduct discharge, confinement and forfeiture of $200.00 pay per month for 23 months, and reduction to E–1. The convening authority approved the sentence, and the Court of Military Review affirmed. 29 MJ 714 (1989). We granted review of the following issues:

I

WHETHER THE MILITARY JUDGE ABUSED HIS DISCRETION BY REFUSING TO ADDRESS APPELLANT'S SUPPRESSION / CONFRONTATION

MOTION UNTIL AFTER APPELLANT'S PLEA.

## II

WHETHER THE GOVERNMENT, BY STATING THAT IT WOULD NOT BE BOUND BY THE TERMS OF THE PRETRIAL AGREEMENT IF APPELLANT FIRST PLED NOT GUILTY AND LATER CHANGED HIS PLEAS TO GUILTY, IMPROPERLY REQUIRED APPELLANT TO WAIVE MATTERS IN VIOLATION OF RULE FOR COURTS-MARTIAL 705(c)(1)(B).

## III

WHETHER APPELLANT'S PLEAS WERE IMPROVIDENT BECAUSE THE MILITARY JUDGE FAILED TO INSTRUCT APPELLANT THAT THE GOVERNMENT WOULD BE BOUND BY THE TERMS OF THE PRETRIAL AGREEMENT IF APPELLANT, AFTER PLEADING NOT GUILTY AND LOSING THE SUPPRESSION MOTION, PLED GUILTY TO THE OFFENSES.

We resolve all of these issues against appellant and uphold the decision of the Court of Military Review.

*Facts–History*

Based on the charges, appellant faced a maximum of 54 years of confinement. He offered to plead guilty to all charges and specifications in exchange for the convening authority's promise to disapprove any confinement adjudged in excess of 3 years. The agreement, drafted by counsel for appellant, provided for automatic cancellation if any of the following events occurred:

a. Failure to arrive at an agreement with the Trial Counsel on the contents of the Stipulation of Fact or the subsequent withdrawal from such a Stipulation without the consent of the Trial Counsel;

b. The withdrawal by either party, for any reason whatsoever, from this agreement prior to trial;

c. *My failure to plead guilty as agreed;*

d. The changing of my plea by anyone during the trial to Not Guilty.

(Emphasis added.) The convening authority accepted the agreement as drafted.

At an Article 39(a), UCMJ, 10 USC § 839(a), session of the court-martial prior to commencement of trial on the merits, appellant elected to be tried by military judge alone. Counsel for the defense also made a motion *in limine* to suppress several pretrial statements of the victim and her brother. The statements described appellant's sexual abuse of the victim. The defense contended that the statements were inadmissible hearsay under Mil.R. Evid. 802, Manual for Courts–Martial, United States, 1984. Furthermore, the defense argued that admitting such hearsay would deny appellant his constitutional right to confront the witnesses against him because, as counsel understood it, the victim would refuse to testify against appellant at trial. *See* U.S. Const. amend. VI.

The military judge declined, in the judge-alone mode, to litigate the evidentiary questions in advance of trial on the merits. His reasoning was as follows:

MJ: Prior to trial this morning and I'll summarize this as best I can, there were several conferences between myself and counsel. [*See* RCM 802, Manual, *supra*.] I have read Appellate Exhibit IV and the statements—including the statements attached thereto. Appellate Exhibit IV being the motion in limine. And I indicated to counsel that it was my practice, particularly in this case it would be my practice not to hear the motion in limine if the trial was by judge alone.

Having read the motion and its supporting documents, it appears to me that the issues are very complex. It will take a substantial amount of time to hear the evidence and litigate the motions, and that under the provisions of R.C.M. 905(d), in the interest of judicial economy, that I would consider this good cause for determining the

admissibility of the various statements during the trial on the general issue of guilt as objections to the evidence objected to.

I advised the defense counsel that it appeared to me that the accused's choices at that time were to plead not guilty, and I understood that the accused had a pretrial agreement to plead guilty, to plead not guilty and forfeit the benefit of the pretrial agreement, or to request trial by members in which case, I would necessarily have to determine the admissibility of the evidence since that is the purpose of a motion in limine. And I would note the discussion under R.C.M. 906[b](13). I also stated that the issue could also be litigated and preserved with a conditional plea of guilty.

I was then informed that the Government would not agree to a conditional plea of guilty. The defense then inquired as to whether the accused could enter pleas of not guilty, have the Government present all or most of its case. Once the admissibility of the contested evidence is determined, if in fact the evidence was admitted then the accused would change his pleas to guilty.

I opined that while that would seem to subvert the purpose behind the rule allowing deferment of the ruling, I know of no authority which would allow me to preclude the accused from entering a plea of guilty later on during the trial, that I would allow that. The Government then stated the position that [if] the accused entered pleas of not guilty when called upon to plea[d], that they would consider that a voidance of the pretrial agreement.

The defense then had the choice of pleading not guilty through to findings or pleading not guilty and then changing the pleas to guilty later on if that suited their purpose. And then standing on their pleas in spite of the Government's position that there was no pretrial agreement and hop[ing] that on appeal, or arguing on appeal that the Government should be bound by the pretrial agreement.

As I understand it, the defense has decided to raise the motion, and that being the case then I will defer the motion and consider it as an objection to the evidence during trial on the merits. Then I understand that given that, the defense will go ahead and enter pleas of guilty. And as a tactical matter, understanding all the issues, would not attempt to litigate the admissibility of the contested evidence.

Does that fairly state the positions of the parties?

TC: I believe so, Your Honor.

DC: Yes, Your Honor.

Thereupon, defense counsel submitted to the court-martial "a request by my client in writing to enter a conditional plea as you stated earlier." The Government reiterated its refusal to be bound by such a term, *see* RCM 910(a)(2), and restated its position that the agreement would be "terminate[d]" if appellant entered tactical pleas of not guilty.

Finally, the judge recapitulated the alternatives to appellant thusly:

MJ: ... Now, the defense does have an out on this and I'll restate it one more time. The accused can enter a plea of not guilty and contest the charges and get a determination as to the admissibility of the evidence, or the defense can request trial by members and then necessarily, I'll have to determine the admissibility of the evidence outside their presence prior to accepting pleas. I may have misstated that. I wouldn't necessarily have to do it prior to the entry of pleas.

[Pause.]

MJ: I'll address this to you then, Sergeant Helweg, since this concerns you more than anyone. Do you understand everything that we've talked about here so far this morning?

ACC: Yes, Your Honor.

MJ: Do you still wish to be tried by me alone?

ACC: Yes, Your Honor.

MJ: Are there any other motions?

DC: None by the defense, Your Honor.

Thereafter, appellant pleaded guilty to all charges and specifications. The evidentiary issues were never raised.[1]

The Court of Military Review found no error in the military judge's deferral of his ruling on the evidence. 29 MJ at 715. Furthermore, the court found no deprivation of due process in either the terms of the pretrial agreement or the Government's determination to adhere to it. *Id.* at 716.

Before this Court, appellant complains, as he did below, that the military judge and the Government wrongly precluded him from properly litigating the case and that his pleas of guilty were improvident. We disagree.

### Deferral of Ruling on Evidentiary Questions

■ First, appellant attacks the military judge's decision to defer ruling on the motion until presentation of the merits. Formally, appellant argues that a judge must have "good cause" to defer an *in limine* motion to suppress evidence and such good cause was lacking here. The threshold question is—what standard must a military judge employ in deciding whether to rule on an evidentiary question before trial? Admittedly, the Rules for Courts–Martial are somewhat circular and vague in this regard.

RCM 906(b) provides:

The following *may* be requested by motion for appropriate relief....

\* \* \* \* \* \*

(13) Preliminary ruling on admissibility of evidence.

(Emphasis added.)

According to the nonbinding discussion following RCM 906(b)(13):

Whether to rule on an evidentiary question before it arises during trial on the general issue is *a matter within the discretion of the military judge. But see* R.C.M. 905(b)(3) and (d)....

(Emphasis added.)

The cited RCM 905(b), in turn, provides: The following *must* be raised before a plea is entered: ...

\* \* \* \* \* \*

(3) Motions to suppress evidence.

(Emphasis added.)

■ Furthermore, RCM 905(d) provides in part:

A motion made before pleas are entered *shall be determined before pleas are entered unless, if otherwise not prohibited by this Manual, the military judge for good cause orders that determination be deferred* until trial of the general issue or after findings, but no such determination shall be deferred if a party's right to review or appeal is adversely affected.... [2]

(Emphasis added.)

The judge, of course, citing RCM 905(d), *inter alia,* believed that such good cause

---

1.  Thus it remains completely speculative whether the witnesses would have testified or whether their statements were taken under such circumstances as to permit their introduction despite the Confrontation Clause or the rules against hearsay.

2.  The last phrase, prohibiting deferral "if a party's right to review or appeal is adversely affected," was not part of the Supreme Court's original draft, but was added by Congress. As noted by paragraph 12.04[1], 8 *Moore's Federal Practice* at 12–41 to 12–42 (2d ed.1990):

    The congressional modification was based on the belief that the rule proposed by the Supreme Court could deprive the government of its right to appeal pursuant to such statutes as 18 U.S.C.

§ 3731. Further, Congress sought to discourage the practice of reserving rulings on motions until after verdict in the hope that the verdict would eliminate the need for a ruling. (*Citing United States v. Barletta,* 644 F.2d 50 (1st Cir.1981)); and Report of the House Committee on the Judiciary, Report No. 94–247 (May 29, 1975), set out in 8 *Moore's, supra* at 12–12.

Plainly, appellant's "right to review or appeal" was not "adversely affected" by the judge's decision to defer ruling on the evidence until trial on the merits. Appellant's objection to the evidence was waived, of course, by his own pleas of guilty. RCM 905(d) does not preclude a judge, with "good cause," from deferring motions to suppress in judge-alone trials.

existed. The Court of Military Review, on the other hand, considered appellant's motion to be an RCM 906(b)(13) motion and that the military judge could defer his ruling merely in his discretion (presumably something less than "good cause"). 29 MJ at 715. We question whether there is a meaningful distinction here, but, regardless, we are satisfied that the judge had good cause to defer his ruling.

Motions *in limine* are broadly viewed as "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2, 105 S.Ct. 460, 462 n. 2, 83 L.Ed.2d 443 (1984). Such a motion works to prevent prejudice and even the sides "at the threshold," before litigation. *Id.* Their use "often avoids delays and interruptions in a trial, permits better scheduling of the presentation of evidence, and reduces the likelihood of mistrials." *United States v. Sutton*, 31 MJ 11, 14 (CMA 1990). Use of such motions allows the military judge a level of "flexibility" in managing the proceedings. *Id.* at 15, *citing United States v. Cofield*, 11 MJ 422 (CMA 1981).

In this case, it appears that the military judge was working not only towards judicial economy but judicial accuracy as well. In addition the statements appellant sought to exclude apparently represented a substantial portion of the Government's case and would involve considerable testimony concerning the circumstances surrounding their making for credibility purposes. Separate litigation of the motion under Mil.R. Evid. 804(b)(5), *e.g.*, would have replicated large segments of such a trial on the merits. A judge is not obligated, in the judge-alone format, to hear the case twice, and often it is preferable to make rulings in the context of the broader case evidence, rather than in a partial vacuum. The military judge's reasons here sufficiently supported his ruling.[3]

---

3. The RCM 905(d) "good cause" standard is based on Fed.R.Crim. P.12(e). Drafters' Analysis, Manual for Courts–Martial, United States, 1984 at A21–47 (Change 3). Our holding today is consistent with the federal cases interpreting

*Validity of the Pretrial Agreement*

■ Appellant next contends that the Government overreached in refusing to honor the sentence limitation of the pretrial agreement—even if initially he pleaded not guilty. Because the military judge elected to treat the motion *in limine* as an objection to evidence, appellant wanted to be able to plead not guilty, force the Government to introduce its evidence, obtain rulings on the evidence, and then, if advantageous, change his pleas to guilty, retaining the safe harbor of the sentence limitation. Presumably, the Government saw this as undermining the very reasons for accepting the pretrial agreement in the first place. For whatever reason, it declined to be a party to such a rearrangement.

Appellant, although technically the drafter of the pretrial agreement, charges the Government with "orchestrat[ing] the trial proceedings" and labels the language of the agreement "a 'command-sponsored' waiver of the suppression motion." This, in appellant's view, makes the *Government* guilty of violating RCM 705(c)(1)(B) by "coerc[ing]" him to forego his motion in order to retain judge-alone sentencing.

RCM 705(c)(1)(B) provides:

A term or condition in a pretrial agreement shall not be enforced if it deprives the accused of: the right to counsel; the right to due process; the right to challenge the jurisdiction of the court-martial; the right to a speedy trial; the right to complete sentencing proceedings; the complete and effective exercise of post-trial and appellate rights.

We see no violation of this provision here. To the contrary, it appears to us more a matter of appellant's attempting to orchestrate the proceedings, rather than the Government—a matter of appellant's trying unilaterally to force terms and conditions upon an unwilling Government.

Fed.R.Crim.P. 12(e). *See United States v. Montilla*, 870 F.2d 549, 553 (9th Cir.1989); *United States v. Williams*, 644 F.2d 950, 952–53 (2d Cir.1981).

■ It occasionally bears repeating that the Government is just as free as an accused to enter or not to enter into pretrial agreements. RCM 705 and 910(a)(2). An accused has no "right" to a particular pretrial agreement or to dictate a particular trial scenario. An accused's right is to a court-martial. Trial by court-martial is not a punishment; it is a remedy. The court-martial is interposed between the Government and the accused to prevent arbitrary punishment. Within the framework of the court-martial, an accused has the opportunity to be confronted by the witnesses against him, to challenge the admissibility of all evidence, to produce witnesses and evidence on his behalf, etc. Until he waived them, appellant retained all these rights.

Since the Government elected not to enter into the type of agreement preferred by appellant, appellant's options were either to put the Government to its ultimate burden of proof or to plead guilty, with or without the Government's terms. He preferred to plead guilty—with a military judge alone and a most compassionate sentence limitation—rather than risk trial on the merits or member sentencing. Presumably, his sworn, written confession and the nature of his offenses had much to do with his preferences. No one but appellant removed his rights to confront witnesses or contest evidence. As the Court of Military Review aptly concluded: "[W]e find no basis upon which to require the government to provide the plethora of options desired by the appellant." 29 MJ at 716.

### Providence of Appellant's Pleas

Given appellant's theory of his trial "rights," he contends that his pleas of guilty were improvident because the military judge failed to advise him that the Government would be required to honor the terms of the sentence limitation even if he entered tactical pleas of not guilty, but later changed his pleas to guilty. Our disposition of the previous issue negates this theory.

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge SULLIVAN and Senior Judge EVERETT concur.