# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

**v.**

## Airman Basic DMARIUS A. TAYLOR
### United States Air Force

## ACM S32334

## 4 August 2016

Sentence adjudged 21 May 2015 by SPCM convened at Grand Forks Air Force Base, North Dakota. Military Judge: Matthew P. Stoffel (sitting alone).

Approved Sentence: Bad-conduct discharge and confinement for 30 days.

Appellate Counsel for Appellant: Captain Annie W. Morgan.

Appellate Counsel for the United States: Gerald R. Bruce, Esquire.

Before

MAYBERRY, BROWN, and BENNETT
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

BENNETT, Judge:

At a special court-martial composed of a military judge sitting alone, Appellant was found guilty, consistent with his pleas, of one specification of wrongful use of marijuana and one specification of wrongful use of alprazolam (a Schedule IV controlled substance), both in violation of Article 112a, UCMJ, 10 U.S.C. § 912a, and one specification of breaking restriction, in violation of Article 134, UCMJ, 10 U.S.C. § 934. The military judge sentenced him to a bad-conduct discharge and confinement for 75 days. The convening authority approved only so much of the sentence as provided for a bad-conduct discharge and confinement for 30 days.

Appellant now contends that his pretrial agreement, in which the convening authority agreed to refer these offenses to a special court-martial, offends basic notions of fundamental fairness because it provided him no benefit. He asks that we set aside his convictions. We conclude that he did receive a benefit and do not provide relief.

*Background*

Over a six month period of time, Appellant engaged in repeated drug use and other misconduct. Appellant first went to a summary court-martial and then received non-judicial punishment. The additional offenses that led to the special court martial convictions now being appealed before this court constituted a culmination of misconduct over this relatively short time period.

Approximately a month prior to the misconduct that led to this court-martial, Appellant pleaded guilty at a summary court-martial to wrongful use of marijuana (on divers occasions), wrongful possession of marijuana, conspiracy to distribute marijuana, and wrongful distribution of marijuana (on divers occasions). The convening authority approved a sentence of confinement for 30 days, forfeiture of $1,031.00 pay per month for 1 month, and reduction to the grade of E-1.

After the summary court-martial, the Government learned that Appellant engaged in illegal drug use during the period between his prior drug use offenses and his summary court-martial. Shortly after being released from confinement, Appellant was absent without leave for a day. Appellant accepted non-judicial punishment for this offense and received 60 days restriction. Appellant subsequently violated that restriction, resulting in the breaking restriction conviction now before this court.

Four days after Appellant broke restriction, Appellant offered to enter into a pretrial agreement with the Government. Pursuant to his pretrial agreement, Appellant agreed to plead guilty to the breaking restriction offense and the additional drug use offenses, to enter into a reasonable stipulation of fact, to be tried by a military judge sitting alone, to waive all waivable motions,[1] to not ask the Government to pay for any witnesses to testify in sentencing,[2] and to waive his right to a discharge board if he did not receive a punitive discharge. The convening authority agreed to refer Appellant's charges to a special court-martial. Appellant's case went to special court-martial three weeks after Appellant broke restriction.

---

[1] Appellant's counsel informed the military judge that, as of the trial date, the Defense had not yet identified any motions that they would have raised at trial.

[2] The Defense did, however, call two local witnesses in their sentencing case—a military supervisor and a pharmacist. Appellant does not allege, and the record does not support, that his ability to present a sentencing case was in any way impacted by this provision.

The stipulation of fact provided little information beyond the minimal facts necessary to support Appellant's plea. Appellant affirmatively told the military judge that he was entering into the stipulation of fact because he believed it was in his best interest to do so. As the Government called no witnesses, the stipulation of fact and the guilty plea inquiry provided all the surrounding circumstances of the offenses.

The military judge conducted a providence inquiry before accepting Appellant's pleas. During his inquiry, the military judge asked Appellant if he read and understood the terms of his pretrial agreement. This colloquy included a discussion of the term requiring the convening authority to refer the charges and specifications of this case to a special court-martial. While he was under oath, Appellant told the military judge that he thoroughly read his pretrial agreement before he signed it, he understood its terms, no one forced him to enter the agreement or made any promises to him that were not contained in the agreement, he fully discussed the agreement with his trial defense counsel, and he was completely satisfied with his trial defense counsel. Moreover, Appellant understood that he had the right to withdraw his pleas of guilty at any time before his sentence was announced. Appellant did not withdraw his guilty plea at trial and did not attack the validity of his pretrial agreement in his clemency submissions.

*Analysis*

"The interpretation of a pretrial agreement is a question of law, which is reviewed under a de novo standard." *United States v. Acevedo*, 50 M.J. 169, 172 (C.A.A.F. 1999). Pretrial agreements are governed by Rule for Courts-Martial (R.C.M.) 705, which identifies prohibited and permissible terms and conditions. *See* R.C.M. 705(b)(2)(A) (establishing that a pretrial agreement may include a convening authority's agreement to "[r]efer the charges to a certain type of court-martial"); *United States v. Smead*, 68 M.J. 44, 59 (C.A.A.F. 2009) (noting a pretrial agreement creates "a constitutional contract between the accused and the convening authority" wherein the accused agrees to waive "constitutional rights . . . in exchange for a reduction in sentence *or other benefit*.") (emphasis added).

Appellant's primary argument is that his pretrial agreement was unfair because he received no benefit. This argument is based on a number of different assertions. First, Appellant claims that by the time he entered into the pretrial agreement his "case was already before a special court-martial." Though Appellant acknowledges that it is unclear whether referral occurred first or the pretrial agreement was signed first, he argues that it is reasonable to infer the convening authority's intent to refer his case to a special court-martial, notwithstanding the pretrial agreement, because the referral and the signing of the pretrial agreement occurred on the same day. Appellant also notes that the convening authority lacked the authority to refer charges to anything more than a special court-martial, and that, given the nature of Appellant's offenses, it would be unreasonable to believe that these charges would have been referred to a general court-martial. We disagree.

Based on the record of trial, there is no way to discern whether Appellant signed his pretrial agreement before or after the charges were referred.[3] The charges were preferred on 4 May 2015, and Appellant was informed of these charges on the same date. The parties signed the pretrial agreement and the charges were referred on 5 May 2015. There is no reason to doubt that the pretrial agreement had been signed prior to the referral of charges.

Even if the charges had been referred prior to Appellant's signing of the pretrial agreement, Appellant did receive the benefit for which he bargained. The charges were referred to a special court-martial. Appellant knowingly and voluntarily pleaded guilty and he understood the terms of his pretrial agreement. If Appellant chose not to plead guilty in accordance with the terms of his pretrial agreement, which he could have, then the agreement would have been terminated. Were that to have happened, the charges could have been withdrawn and re-referred to a general court-martial by the appropriate general court-martial convening authority. *See* R.C.M 604(b). Both the Government and Appellant had options; Appellant exercised his option to plead guilty in return for the convening authority's agreement to refer his charges to a special court-martial.

For Appellant, one benefit of this agreement was that it limited his punitive exposure. Had Appellant been convicted at a general court-martial, he could have been sentenced to a maximum of a dishonorable discharge, 4 years and 1 month of confinement, and forfeiture of all pay and allowances. Instead, by pleading guilty pursuant to his pretrial agreement, he received the benefit of the jurisdictional limitation of Article 19, UCMJ, 10 U.S.C. § 819, which limited his maximum sentence to a bad-conduct discharge, 1 year of confinement, and forfeiture of two-thirds of his pay per month for one year.

In addition, as a result of entering into a pretrial agreement, it is likely that Appellant went to trial faster. Rather than pending trial for months as the Government prepared and perfected its case, Appellant was instead able to get a more timely resolution of his criminal charges. Under circumstances like these, where an accused is involved in serial misconduct, there is a tangible benefit if the accused can receive expedited resolution of his or her criminal case by pleading guilty pursuant to a pretrial agreement. For Appellant, in the case at bar, this allowed him to "move on with his life" more quickly—the very argument used by the defense counsel when requesting that the convening authority reduce his adjudged term of confinement.

Appellant's secondary argument is that he was prejudiced by the pretrial agreement because it prevented him from arguing that he had pleaded guilty without a sentence limitation. First, Appellant was not prevented from arguing that he was taking full responsibility for his crimes by pleading guilty. In fact, his trial defense counsel did just

---

[3] The charge sheet indicates that the sworn charges were received, for the 319th Air Base Wing Commander, by the wing staff judge advocate at 0945 on 5 May 2015. The charge sheet does not indicate at what time charges were actually referred on that date.

that.  Second, while we acknowledge that pleading guilty without the protection of a pretrial agreement is a strategy, particularly when the parties cannot agree on the terms of a pretrial agreement, so is offering to enter into a pretrial agreement to expedite the process. While we cannot say Appellant offered to enter into a pretrial agreement for this reason, he certainly was not prejudiced by having his case move to resolution more quickly.[4]

The benefit of this pretrial agreement to Appellant likely came in many forms. Whether this pretrial agreement was a "better deal" for Appellant or the Government may be debatable, but that is not the standard we apply, and we find that the pretrial agreement benefitted both parties.  We do not find Appellant's arguments compelling.

In sum, we find that Appellant's pretrial agreement did not violate notions of fundamental fairness or public policy.  *See United States v. Riley*, 72 M.J. 115, 120 (C.A.A.F. 2013) (holding that the terms of pretrial agreements must comply with statutory and decisional law and adhere to "basic notions of fundamental fairness"); *United States v. Holland*, 1 M.J. 58, 60 (C.M.A. 1975) (holding a pretrial agreement that denies the accused a fair hearing or otherwise "substitutes the agreement for the trial . . . render[ing it] an empty ritual" violates public policy) (emphasis omitted).  Having carefully examined the pretrial agreement, we find that it contained no impermissible terms or conditions.  *See* R.C.M. 705(c)(1) (containing a non-exhaustive list of terms and conditions prohibited in a pretrial agreement).  The military judge conducted a fulsome providence inquiry and properly ensured that Appellant understood the pretrial agreement and had freely and voluntarily entered into it.  *See* Article 45(a), UCMJ, 10 U.S.C. § 845(a); R.C.M. 705; R.C.M. 910(f), (h)(2), (h)(3); *Smead*, 68 M.J. at 59.  Furthermore, Appellant had no right to a pretrial agreement at all, nor to a sentence cap or any other promise by the convening authority.  *See United States v. Helweg*, 32 M.J. 129, 134 (C.M.A. 1991).

*Conclusion*

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred.  Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c).

---

[4]  For an accused, another benefit of moving to trial more quickly is that the government has less time to perfect its case.  In the case at bar, the Government called no witnesses, and instead relied on derogatory paperwork to support their eight-month sentence recommendation.  Despite this recommendation, the military judge imposed just 75 days of confinement (later reduced to 30 days by the convening authority).  Perhaps if the Government had more time it may have called witnesses or introduced other evidence of aggravating circumstances.  We cannot say this was necessarily a benefit in this case, but there clearly can be many benefits to both an accused and the government when a court-martial is processed quickly.

Accordingly, the approved findings and sentence are **AFFIRMED**.

FOR THE COURT

LAQUITTA J. SMITH
Appellate Paralegal Specialist